**Elizabeth SIEK, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., Defendants.**

**No. 02–21071 CIV.**

United States District Court, S.D. Florida, Miami Division.

Aug. 26, 2002.

Michael Kenneth Decker, Persaud & Decker, Coral Gables, FL, for Plaintiff.

Emmet Jay Schwartzman, Robert Wayne Hudson, Carlton Fields, Miami, FL, for Defendants.

## *ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

K. MICHAEL MOORE, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment (DE# 3). Plaintiff's response and Defendant's reply thereto have been filed.

UPON consideration of the Motion, responses, and the pertinent portions of the record, the Court enters the following Order granting Defendant's Motion for Summary Judgment.

### *BACKGROUND*

This case has a long history that is informative in two respects: (1) as a primer of the procedural posture of the above-styled matter and (2) how a plaintiff should not comport herself when pursuing a cause of action. Plaintiff Siek filed a Complaint against American Airlines in the Circuit Court of the Eleventh Judicial Circuit, in and for Dade County, Florida. In this Complaint Plaintiff states that on August 14, 2000 she flew American Airlines from La Guardia airport in New York, connecting at Miami International Airport in Miami, Florida, to a final destination of Quito, Ecuador. She planned to travel to the Galapagos Islands from Quito the following day, but remained in Quito as her luggage never arrived in Ecuador.

When Plaintiff arrived in Quito, she claims she was advised by Defendant that her luggage would be sent on an August 15, 2000 evening flight from Miami to Quito. Unfortunately only one of Plaintiff's missing bags arrived. Plaintiff needed the second bag before she departed for the Galapagos Islands, as it contained custom made diving equipment that she would use while filming a documentary. After making an inquiry, Plaintiff avers that American Airlines informed her that the second bag would arrive on August 16, 2000, the following day. Upon her arrival at the Quito airport on that date, Plaintiff discovered her baggage had still not reached Ecuador. She claims that for the subsequent two days, American Airlines told her that the missing luggage would arrive. On her trips to the Quito airport on August 17, 2000 and August 18, 2000, Plaintiff found that this information was not correct. Her luggage did not reach its intended destination, and Plaintiff incurred expenses as a result of the delay in filming brought about by the mishap and her "forced" stay in Quito.

This Complaint contained only two counts: (1) breach of contract and (2) breach of fiduciary duty/duty to warn. On November 27, 2000 Defendant removed this case to federal court.[1] The undersigned remanded the case back to state court on May 18, 2001.

Defendant filed a motion to dismiss in the Miami–Dade County Circuit Court

---

1. *Siek v. American Airlines,* No. 00–4483–CIV–MOORE.

subsequent to the order of remand, but this motion remained pending as Defendant once again removed the case to federal court after the realization that Plaintiff sought damages for the loss of her checked baggage, a claim governed by the Warsaw Convention. Defendant filed its second notice of removal on October 31, 2001. This case was originally assigned to the docket of the Honorable Shelby Highsmith, but it was later transferred to the undersigned.

Defendant moved for summary judgment on November 7, 2001. Plaintiff failed to file a response, and did not even acknowledge the filing of the motion until the Court issued an Order to Show Cause on January 4, 2002. Subsequently Plaintiff moved to amend her Complaint, which the Court allowed.

After the undersigned denied Plaintiff's motion to remand the case back to "state county court in Coral Gables," Plaintiff moved to dismiss the above-styled matter without prejudice. The Court entered said dismissal, but vacated it in part after Defendant informed the Court that the parties had not agreed to a stipulation of dismissal. Defendant sought a dismissal with prejudice, and indicated that should the Court allow Plaintiff to voluntarily dismiss the cause without prejudice, it would seek an award of fees and costs against her. The Court, in its discretion, allowed Defendant to move for attorney's fees and costs as a condition of Plaintiff's dismissal of the case without prejudice.

Upon discovering that fees would be imposed, Plaintiff sought to vacate her motion to dismiss without prejudice, stating that she desired to amend her Complaint "so as to travel under the Warsaw Convention, and get this matter to a jury." On June 21, 2002, Plaintiff moved again to remand the case for lack of subject matter jurisdiction.

By Order issued July 1, 2002, the undersigned denied Plaintiff's motion to vacate her previously filed motion to dismiss. The Court found that Plaintiff sought to dismiss the case only upon the realization that costs would be assessed against her. In addition, the Court found Plaintiff's own assertions displayed her true motive. Plaintiff indicated that she did not intend to continue the matter in federal court should her motion to vacate be denied, but that she would file again in state court. In addition, she stated that should fees be imposed against her she would dismiss her federal and state claims so as to avoid such imposition.

While Plaintiff exerted great effort to avoid filing a response to Defendant's motion for summary judgment, she nonetheless had the inclination to refile her claim in state court while awaiting the result of the federal proceedings. Defendant, as Plaintiff could only have expected, removed the case to federal court. This time the Honorable Donald L. Graham received the case. The undersigned accepted transfer on April 19, 2002. Defendant had already moved for summary judgment at that time, and Plaintiff, demonstrating her dogged consistency, failed to respond to Defendant's motion. Only upon the issuance of an Order to Show Cause did Plaintiff file a notice with the undersigned, claiming in part that "Plaintiff should not be penalized because she seeks judicial economy and a quick hearing in State District Court."

Plaintiff surprisingly filed a response to Defendant's motion for summary judgment on August 14, 2002 after receiving an extension until August 9, 2002 to file said motion. Accordingly, the undersigned granted Defendant's motion by default on August 13, 2002. Plaintiff herself is obviously confused as to which cause of action she is pursuing, as she moved for relief

from the Court's dismissal Order on August 15, 2002, but filed such in Case No. 00–4483–CIV–MOORE.

Plaintiff has not indicated a reason for her late filing, but the Court will nonetheless review her claims on the merits.

## I. DISCUSSION

### A. Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). Summary judgment may be entered only where there is no genuine issue of material fact. *See Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. *Id.* at 157, 90 S.Ct. 1598.

> However, the non-moving party [m]ay not rest upon the mere allegations and denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed.R.Civ.P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In fact,

> the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *Id.* at 323, 106 S.Ct. 2548.

### B. Defendant's Motion for Summary Judgment

#### (1) Lost baggage

The Warsaw Convention [2] applies to "all international transportation of persons, baggage, or goods performed by aircraft for hire." [3] Section 2 of Article 1 of the Warsaw Convention provides that international transportation means "any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment, are situated either

---

**2.** The Warsaw Convention, the common name for the Convention for the Unification of Certain Rules Relating to International Transpor-

tation by Air, can be found in the note following 49 U.S.C.A. § 40105.

**3.** Chapter 1, Article 1(1).

within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party ...". Both the United States and Ecuador are High Contracting Parties to the Warsaw Convention. It is apparent that Plaintiff, who seeks damages for the loss of her checked baggage, took a flight engaged in international transportation as defined by the Warsaw Convention.

As regards claims for lost baggage, Article 18(1) of the Convention indicates that an air carrier is liable "for damage sustained in the event of the destruction or loss of, or of damage to, any checked baggage or any goods, if the occurrence which caused the damage so sustained took place during the transportation by air." In addition, Article 24(1) provides that in any case arising under Article 18, a damages claim can only be brought subject to the conditions and limits established by the Convention.

Defendant accordingly moves for summary judgment, claiming that Plaintiff's cause of action for lost baggage is governed by the Warsaw Convention, and has been satisfied with Defendant's issuance of a check to Plaintiff in the amount of $634.90.[4] Plaintiff does not contest that the Warsaw Convention governs her claim for lost baggage, nor the amount owed her, but states that the said check has not been cashed and is now "stale." Defendant states that it will reissue the check to Plaintiff.

### (2) State law claim

■ As the Warsaw Convention governs Plaintiff's claim against Defendant, her state law claim for breach of contract is preempted. See El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 119 S.Ct. 662, 142 L.Ed.2d 576 (1999). In Tseng, the Court found that Article 24 precludes a passenger from bringing any "air transit personal injury claims under local law, including claims that failed to satisfy Article 17's liability conditions ..." Id. at 168, 119 S.Ct. 662. The D.C. Circuit Court of Appeals, when reviewing the decision, noted that the Convention's "preemptive impact is much more apparent" subsequent to the Tseng ruling. Cruz v. American Airlines, Inc., 193 F.3d 526, 530 (D.C.Cir.1999). Accordingly, the Cruz Court found that the Warsaw Convention provided the "exclusive cause of action in cases 'covered by' Article 18." Id. at 531.

Plaintiff does not dispute that her state law claim is preempted by the Warsaw Convention, but argues instead that summary judgment is not warranted due to her claim of "willful misconduct," which provides a exception to the limitation of liability of air carriers.[5] Plaintiff relies on Siben v. American Airlines, Inc., 913 F.Supp. 271 (S.D.N.Y.1996) to support this assertion. In that case, the Court denied Defendant's motion for partial summary judgment where plaintiffs alleged in their Complaint that Defendant employees informed them that their luggage had arrived at the airport when the employees

---

4. The Warsaw Convention limits liability for lost baggage to approximately $9.07 per pound for checked baggage. See 14 C.F.R. § 221.176(a) (1999); 14 C.F.R. § 221.106 (2002); Ijedinma v. Northwest Airlines, 2001 WL 803745 (E.D.La. July 12, 2001). Plaintiff has not contested that $634.90 is the amount owed her, as the maximum weight for checked baggage is 70 pounds.

5. Article 25(1) of the Convention provides that "The carrier shall not be entitled to avail himself of the provisions of this convention which exclude or limit its liability, if the damage is caused by his wilful misconduct or by such default on his part as, in accordance with the law of the court to which the case is submitted, is considered to be equivalent to wilful misconduct."

**1314**

knew it had not. As no evidence in the record existed to refute the plaintiffs' assertions, the Court found a grant of summary judgment to be inappropriate. *Id.* at 277.

█ The Court finds that Plaintiff has not alleged a claim of "willful misconduct" in her Complaint, choosing instead to raise it at the summary judgment stage in an effort to ward off an unfavorable ruling. Even were the Court to construe Plaintiff's claim for breach of contract to contain a "willful misconduct" allegation, Plaintiff is still subject to a grant of summary judgment in Defendant's favor as this state law claim is preempted. *See Tseng, supra.* Having failed to raise the "willful misconduct" claim under the Warsaw Convention in her Complaint, Plaintiff cannot now argue that her allegations remove her state law claim from the ambit of the Warsaw Convention altogether. *See Carey v. United Airlines,* 255 F.3d 1044, 1050 (9th Cir. 2001) (finding that Warsaw Convention is applicable to claims arising out of "willful misconduct").

The Court also notes that Plaintiff has only alleged the existence of "willful misconduct" in her response to Defendant's motion for summary judgment; she has not submitted anything further in support of her claim. *See Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991) (stating that evidence presented at summary judgment stage cannot consist of conclusory allegations); *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 592 (11th Cir.1995) (finding that "mere general allegations" will not preclude an award of summary judgment) *(quoting Franz Chem. Corp. v. Phila. Quartz Co.,* 594 F.2d 146, 150 (5th Cir.1979)).

*(3) Assistant Lori Suchcicki*

In her response to Defendant's motion for summary judgment Plaintiff indicates that Defendant has not addressed the is-

sue of Plaintiff's assistant Lori Suchcicki. Plaintiff alleges that she is entitled to an additional $634.90 for the luggage lost by Ms. Suchcicki on another American Airlines flight from New York through Miami, with a final destination of Quito, Ecuador. In ¶ 3 of her reply to Defendant's motion Plaintiff indicates that Ms. Suchcicki assigned her rights in her lost baggage to Plaintiff, but she rests on this conclusion alone. Plaintiff has not provided any evidence that this assignment occurred. Accordingly, this claim of Plaintiff's fails for the same reasons as does her "willful misconduct" allegation. Plaintiff cannot rest on conclusory statements alone in order to withstand Defendant's motion for summary judgment.

## II. CONCLUSION

Based on the foregoing, it is ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment (DE# 3) be GRANTED. All pending motions not otherwise ruled upon are DENIED AS MOOT. The Clerk of the Court is directed to mark this case as CLOSED. It is further

ORDERED and ADJUDGED that Plaintiff's Motion for Relief (DE# 11 in Case No. 00–4483) is GRANTED. This Court's August 13, 2002 Order granting Defendant's Motion for Summary Judgment by default (DE# 19) is hereby VACATED.